**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

**Dated: January 02, 2008**

Lawrence S. Walter
United States Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | Case Nos. 06-33124 |
| CLADDAGH DEVELOPMENT | : | (Jointly Administered) |
| GROUP, LLC | : | Chapter 11 |
| | : | Judge Walter |
| Debtor | | |

**ORDER ESTABLISHING BID PROCEDURES ON  TRUSTEE'S MOTION FOR (1) APPROVAL OF PURCHASER'S OFFER TO PURCHASE ASSETS AS STALKING HORSE BID; (2) APPROVAL OF BREAK-UP FEE TO STALKING HORSE BIDDER; (3) SCHEDULING AUCTION FOR SALE OF ASSETS; (4) APPROVING BIDDING PROCEDURES FOR AUCTION INCLUDING SETTING OF INITIAL  OVERBID AND SUBSEQUENT BIDDING INCREMENTS; (5) SCHEDULING HEARING ON APPROVAL OF SUCCESSFUL BIDDER AT THE AUCTION AND ; (6) SETTING OBJECTION DEADLINE**

This matter is before the Court on the Trustee's Motion For (1) Approval Of Purchaser's Offer To Purchase Assets As Stalking Horse Bid; (2) Approval Of Break-Up Fee To Stalking Horse Bidder; (3) Scheduling Auction For Sale Of Assets; (4) Approving Bidding Procedures For Auction Including Setting Of Initial Overbid And Subsequent Bidding Increments; (5) Scheduling Hearing On Approval Of Successful Bidder At The Auction And ; (6) Setting Objection Deadline (the "Bid Motion") (Doc. #491).

This Court shortened the time for objections to the Bid Motion to December 20, 2007.  Two objections were filed to the Bid Motion by the Official Committee of Unsecured Creditors (Doc. 501) and JP Morgan Chase Bank (Doc 502) (collectively, the "Objections").  The Court held a hearing on December 27, 2007 to address the Objections which have been resolved as detailed in paragraph 7 below.

Upon further consideration of the Motion and the representations made at the hearing on December 27, 2007 the Court hereby finds as follows:

A.  Terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

B.  The bid procedures outlined in the Motion are in the best interest of all parties including the Debtor, the Estate, its secured creditors, and its unsecured creditors.

C.  The Court finds the form for notice of the Sale Motion and the bid deadlines proper and believes it will provide sufficient Notice of the sale to interested parties.

D. The bidding procedures proposed by the Trustee will encourage competitive bidding and represent the best method of maximizing the value of the Estate's asset under the circumstances.

Now, therefore, the Court hereby **ORDERS, ADJUDGES,** and **DECREES** as follows:

1. The Motion shall be, and hereby is, granted in all respects. Any terms not specifically defined herein shall have the same meanings assigned to them in the Motion.

2. The Court hereby approves and authorizes the form of notice of the Sale Motion and bid procedures.

3. Purchaser's offer to purchase the Assets pursuant to the Stalking horse APA is hereby approved as the Stalking Horse Offer.

4. Upon entry of this Order, Trustee shall serve a Notice on the following parties: (i) all creditors listed on the creditor matrix in this case; (ii) all parties who filed a notice of appearance in this case; (iii) all parties who have expressed or do express an interest in purchasing some or all of the assets of the Debtor.

5. The Auction, the final hearing on the Sale Motion, and the request to confirm the Sale, shall take place on January 16, 2008 starting at 10:00am before the Honorable Lawrence S. Walter.

6. The following constitute the Bidding Procedures for the Auction:

a.    **Confidentiality Agreement:**    Potential    bidders    must have signed a confidentiality agreement before performing any due diligence or submitting a competing bid.

b.    **Deadline:**    Potential bidders shall submit their offers to purchase Debtors' assets to (i) counsel for the Trustee, Richard D. Nelson, Esq., Donald J. Rafferty Esq., and Monica V. Kindt, Esq., Cohen, Todd, Kite & Stanford, LLC, 250 East Fifth St., Suite 1200, Cincinnati, Ohio 45202, (ii) counsel for the Unsecured Creditors Committee ("UCC"), Douglas Lutz, Esq., Frost Brown Todd LLC, 2200 PNC Center, 201 East Fifth St., Cincinnati, Ohio 45202, (iii) counsel for Purchaser, Timothy Hurley, Esq., Taft Stettinius & Hollister LLP, 425 Walnut St., Suite 1800, Cincinnati, Ohio 45202, and (iv) the Office of the United States Trustee, Attn: Maryanne Wilsbacher, 170 North High St., Suite 200, Columbus, OH 43215, ***no later than 5pm (EST) on January 11, 2008***.  Any party failing to submit a bid by the deadline set herein, ***shall not be permitted to participate in any auction conducted by the Court***.

c.    **Qualified Bidders / Bid Requirements:**

(i)    Any bid for the Assets must:

A.    be in writing;

B.    be received by the Deadline and served on the parties as described in detail in Paragraph 11(b);

C.    be at least two hundred and fifty thousand dollars ($250,000.00) higher than Cash Purchase Price (the "Initial Overbid"), that is, at least $10,250,000;

4

D.     be accompanied by a clean and executed asset purchase agreement (the "Modified Purchase Agreement") and a marked Modified Purchase Agreement reflecting any variations from the Purchase Agreement; provided however that the only permitted variations from the Purchase Agreement shall be for (a) identification of the assets being purchased; (b) the cash price offered, (c) identification of the assigned leases and contracts, and (d) identification of the liabilities, if any, being assumed;

E.     be accompanied by a cash deposit (i.e., bank or certified check payable to Richard D. Nelson, Chapter 11 Trustee) equal to $100,000.00 (the "Earnest Money Deposit"), which shall be delivered to Cohen, Todd, Kite & Stanford, LLC, 250 East Fifth St., Suite 1200, Cincinnati, Ohio 45202 with the bidder's written bid;

F.     identify the assets the bidder offers to purchase and the liabilities the bidder proposes to assume at the purchase price and upon the terms and conditions set forth in the Modified Purchase Agreement;

G.     not contain any contingencies relating to due diligence, financing, or the assumption and assignment of any contracts;

H.     demonstrate that the bidder is able to consummate the transaction (financially and otherwise) on the terms of the Modified Purchase Agreement;

I.     include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution and delivery of the Modified Purchase Agreement;

5

J.      identify with particularity each and every executory contract or assumed lease, the assignment of which is a condition to closing;

K.      identify whether the bidder intends to continue to operate the Debtors as Claddagh Pubs and Restaurants;

L.      be for substantially all of the assets.

(ii)     A Qualified Bid does not need to include the assumption of the Assumed Debt and Assumed Liabilities listed in the Stalking Horse APA.

(iii)     A bid meeting the foregoing requirements of paragraph 11(c) shall constitute a "Qualified Bid."  The Trustee in consultation with Counsel for the Unsecured Creditors Committee shall also decide whether any Qualified Bid made at the Auction is the highest and best bid, taking into account all aspects and value of the Stalking Horse Bid and any Qualified Bids.

**d.      Auction / Participation / Bidding:**

(i)      If the Trustee receives one or more Qualified Bids, an Auction shall be held at 10:00 a.m., on January 16, 2007 at the United States Bankruptcy Court for the Southern District of Ohio, Dayton Division, 120 West Third Street, Dayton, OH 45402.

(ii)     Only Qualified Bidders shall be permitted to participate at the Auction.

(iii)     All Qualified Bidders shall appear at the Auction in person or through a duly authorized representative who shall appear in person.

(iv)     After the Initial Overbid, if any, made at the Auction, all subsequent bids shall be in increments of at least $50,000.00 over the amount of the previous bid.

(v)     Bidding at the Auction shall continue until such time as the Trustee, in consultation with Counsel for the Unsecured Creditors Committee, determines in his business judgment that the highest and best offer for the Debtors' assets has been received (the "Successful Bid" and the party that submitted such bid, the "Successful Bidder").  The Trustee shall seek approval from the Court of the Successful Bid at the Sale Hearing, as described in section (g) below, subject to objections, if any, that may be raised by a party-in-interest. The Trustee will be deemed to have accepted a Qualified Bid only when such Qualified Bid has been approved by this Court.

**e.** **Back-up Bidder:** The Trustee shall have the right to select any bidder at the Auction, other than Purchaser, whom the Trustee, in consultation with Counsel for the Unsecured Creditors Committee determines has submitted the second highest bid to serve as the back-up bidder (the "Back-Up Bidder") and to retain such bid (the "Back-Up Bid") in place for forty-five (45) days following entry of an order approving the Sale, or for such longer period as mutually agreed to by the parties.  At the Sale Hearing, the Trustee will request that this Court confirm the Back-Up Bid to eliminate the need for an additional hearing in case the Successful Bidder fails to close.  After expiration of the forty five (45) days following entry of an order approving the Sale, unless such time is otherwise extended by the parties, and assuming the Trustee has not notified the

7

Back Up Bidder that the Back-Up Bid has been selected as the Successful Bid, the Back-Up Bid shall be deemed null and void and of no further effect.

**f.**     **Earnest Money Deposit:** All Earnest Money Deposits shall be held by the Trustee in an interest-bearing escrow account.  The Earnest Money Deposit of the Successful Bidder shall be applied to the cash component of such bidder's purchase price.  All Earnest Money Deposits, with the exception of the Back-Up Bidder's Earnest Money Deposit, shall be returned to each bidder not selected by the Trustee as the Successful Bidder within three (3) business days following the conclusion of the Sale Hearing.  The Earnest Money Deposit of the Back-Up Bidder shall remain in escrow for forty-five (45) days following entry of an order approving the Sale.  If the Successful Bidder is unable to close for any reason other than a material breach as described in the Asset Purchase Agreement, the Trustee will release the Earnest Money Deposit to the Successful Bidder within two (2) business days after notice of termination of such Successful Bidder's asset purchase agreement.  If the Successful Bidder is unable to close for any reason that constitutes a material breach as described in the Asset Purchase Agreement, the Trustee and the Estate shall retain the Earnest Money Deposit.

**g.**     **Sale Hearing:**     A Sale Hearing to confirm the sale shall be held at 2:00 p.m. on January 16, 2008 at the United States Bankruptcy Court for the Southern District of Ohio, Dayton Division, 120 West Third Street, Dayton, OH 45402, at which the Trustee will seek the entry of an order approving and

authorizing the Sale to the Successful Bidder on terms and conditions consistent with the asset purchase agreement submitted by such Successful Bidder.

**h.**    **Breakup Fee:**      Pursuant to the terms of the Stalking Horse APA, if someone other than the Purchaser ultimately purchases the assets that are the subject of the APA, the Trustee has agreed to pay to Purchaser Two Hundred Thousand Dollars ($200,000.00) (the "Breakup Fee").

7.    The Sale Motion shall be filed on or before January 7 2008. Objections to the Sale Motion must be filed and received by counsel by January 11, 2008 at 5:00pm (EST).

8.    The Objections raised by the Official Committee of Unsecured Creditors (Doc. 501) and JPMorgan Chase Bank (Doc. 502) are hereby preserved until the final Sale Hearing on January 16, 2008.  Nothing in this Order shall prejudice the rights of the Official Committee of Unsecured Creditors and JPMorgan Chase Bank to raise objections at the hearing on the Sale Motion, including, without limitation, objections as to credit bidding, assumed liabilities, valuation, factors used by the Trustee to evaluate bids, allocation of value or consideration or otherwise, or to propose an alternative transaction.  The Earnest Money Deposit is hereby adjusted to $100,000 for all bidders.


**IT IS SO ORDERED.**

**Copies to:**

MaryAnne Wilsbacher
Attorney for US Trustee
170 North High Street, Suite 200
Columbus, OH 43215

Richard D. Nelson
Donald J. Rafferty
Monica V. Kindt
Cohen, Todd, Kite & Stanford, LLC
250 East Fifth Street, Suite 1200
Cincinnati, Ohio   45202-4157
Attorneys for Chapter 11 Trustee

Douglas L. Lutz
Frost Brown Todd, LLC
PNC Center
201 East Fifth Street, Suite 2200
Cincinnati, Ohio  45202-4182
*Attorney for Unsecured Creditors Committee*

Timothy J. Hurley
Taft Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202-3957
*Attorney for Patrick McDonagh*

Thomas R. Merry
BARREN & MERRY CO., LPA
110 Polaris Parkway, Suite 302
Westerville, OH 43082
*Counsel for JPMorgan Chase Bank*

**###**

467715.1