**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: | : |
| | : Case No. 06-33124 |
| CLADDAGH DEVELOPMENT | : (Jointly Administered) |
| GROUP, LLC, et al., | : |
| | : |
| Debtors. | : Honorable Judge Walter |

**MOTION OF CDG ACQUISITION LLC TO ENFORCE SALE ORDER**

CDG Acquisition LLC, purchaser of the Debtors' assets (the "Purchaser"), requests entry of an order enforcing this Court's Order: (A) Authorizing the Sale of Assets Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365 and (C) Continuing Hearing on Objections to Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases entered on March 11, 2008 (Doc. No. 552) (the "Sale Order") against the Ohio Bureau of Workers' Compensation (the "Bureau").

The Bureau recently excluded the Purchaser from group coverage based solely on the Debtors' failure to pay workers' compensation premiums owed by the Debtors. Because of this exclusion, the Purchaser is not eligible for the lower premiums resulting from group coverage and will be forced to pay higher premiums, damaging the Purchaser in the amount of approximately $24,000 per year. The Bureau's exclusion of the Purchaser from group coverage violates the Sale Order. Consequently, the Purchaser requests that the Court enter an order (a) enforcing the Sale Order against the Bureau and (b) prohibiting the Bureau from excluding the Purchaser from group coverage because of the unpaid premiums owed by the Debtors.

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).

**Background**

2. On October 25, 2006 (the "Petition Date"), three creditors filed an involuntary petition against CDG, LLC under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Court subsequently appointed Richard D. Nelson to serve as Chapter 11 trustee (the "Trustee"). On January 10th and 11th, 2007, the Trustee filed Chapter 11 petitions for each of CDG, LLC's affiliates. CDG, LLC and its debtor-affiliates are referred to collectively as the "Debtors." The Debtors were a chain of "Irish Concept" restaurants operating under the name "Claddagh Irish Pubs."

3. Between the Petition Date and January 2009, the Bureau filed 18 proofs of claim against the Debtors. *See* Proof of Claim Nos. 46, 47, 49, 51, 56, 150, 151, 152, 153, 154, 155, 156, 157, 167, 168, 169, 170, and 171. The Bureau's filed claims total $215,791.20.

*The Sale*

4. In late 2007, the Trustee accepted the Purchaser's offer to buy the Debtors' assets for $31,000,000 (the "Sale"). *See* Trustee's Motion for Order: (A) Authorizing and Confirming the Sale of Assets Pursuant to 11 U.S.C. § 363(b), (f), and (m); and (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365 (Doc. No. 518) at ¶ 5. The purchase price consisted of $10,000,000 in cash and the assumption of certain

enumerated liabilities under an Asset Purchase Agreement (the "APA").[1]  *Id.*  The Purchaser did not agree to assume the Debtors' obligations to the Bureau.  *See* APA, § 3.1.

5. The Trustee served all creditors listed on the Debtors' mailing matrices with notice of the Sale.  Notice of (A) Proposed Sale to Stalking Horse Bidder of Substantially All Assets of the Debtors; (B) Bid Deadlines; (C) Order Approving Bid Procedures for Submitting Qualified Bids; (D) Auction Date & Time; (E) Objection Deadlines; and (F) Sale Hearing Date filed on January 2, 2008 (Doc. No. 519) (the "Sale Notice").  The Trustee served the Bureau with the Sale Notice at two addresses: (1) 30 W. Spring St, PO Box 15398, Columbus, Ohio 43215-0398; and (2) PO Box 15567, Columbus, Ohio 43215-0567, the address listed on the Bureau's proofs of claim.  Certificate of Service of Sale Notice filed on January 7, 2008 (Doc. No. 521).

6. The Court approved the Sale on March 11, 2008.  As set forth in the Sale Order, the Court found, among other things, the following:

- The Trustee notified all parties in interest of the Sale (Sale Order, ¶¶13 and D.);

- The Purchaser acted in good faith (*Id.* at ¶ 15);

- The Trustee sold the Debtors' assets to the Purchaser free and clear of liens, claims, and encumbrances (*Id.* at ¶¶ 22 and C.);

- The Purchaser did not assume any liabilities other than those enumerated in the Asset Purchase Agreement (*Id.* at ¶¶ J. and L.); and

- The Sale Order binds all parties, including governmental units (*Id.* at ¶¶ C., F., I., M., and T.).

---

[1] A copy of the APA is attached to the Trustee's Motion for (1) Approval of Purchaser's Offer to Purchase Assets as a Stalking Horse Bidder; (2) Approval of Break-Up Fee to Stalking Horse Bidder; (3) Scheduling Auction for Sale of Assets; (4) Approving Bidding Procedures for Auction Including Setting of Initial Overbid and Subsequent Bidding Increments; (5) Scheduling Hearing on Approval of Successful Bidder at the Auction; and (6) Setting Objection Deadline filed on December 13, 2007 (Doc. No. 491).

7. On June 28, 2010, the Court entered an order converting the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code. Doc. No. 681. Richard Nelson serves as Chapter 7 Trustee.

### *The Group Coverage*

8. The Purchaser now operates Claddagh Irish Pubs through limited liability companies.[2] Each of the Purchaser's Ohio LLCs pays premiums to the Bureau for workers' compensation policies.

9. Ohio law requires the Bureau to offer to insure employers' obligations under plans that pool the risks of employers in particular groups. *See* Ohio Rev. Code § 4123.29(A)(4); Ohio Adm. Code 4123-17-62. These groups often allow participating employers to pay lower premiums than they would pay individually. According to the Bureau, "group-experience rating could save an employer as much as 51 percent in premiums." Ohio Bureau of Workers' Compensation Basics: Alternative Rating Plans.[3]

10. Prior to the July 1, 2011 rating year, the Purchaser, through its Ohio LLCs, participated in group coverage for four locations – its home office, Mason, Toledo, and Lyndhurst. The Purchaser has timely paid all premiums owed by the Purchaser since the closing of the Sale.

11. The Purchaser applied to participate in a group rating plan for the July 1, 2011 rating year. The Bureau excluded the Purchaser from group coverage solely because of the unpaid balance owed by the Debtors (the "Balance"). Copies of the Bureau's letters rejecting the Purchaser from group coverage are attached to this Motion as Exhibit A. The Balance totals $120,738.36 as of July 1, 2011.

---

[2] The Purchaser's LLCs are named "CDG [city in which pub is located] LLC."

[3] Available at http://www.ohiobwc.com/basics/guidetour/generalinfo/empgneralinfo17.asp#group.

12282783.2                                    4

12.     The Purchaser has repeatedly contacted the Bureau to explain that (a) the Purchaser acquired the Debtors' assets from the Debtors' estate, (b) new, non-Debtor LLCs operate the pubs; and (c) the Purchaser is not liable for the Debtors' unpaid premiums.  Despite receiving this information, the Bureau continues to exclude the Purchaser from group coverage solely because of the Balance owed by the Debtors.[4]

13.     The Purchaser believes and has been advised that the Bureau will continue to reject the Purchaser from group coverage in future years if the Purchaser does not pay the Balance owed by the Debtors and that, if the Purchaser pays the Balance owed by the Debtors, the Purchaser would be eligible for group coverage.

14.     Because the Bureau has rejected the Purchaser from group coverage, the Purchaser will incur approximately $24,000 in additional costs this year.  The Purchaser anticipates that it will incur the same or higher costs in future years if it continues to be excluded.

### Relief Requested

15.     The Purchaser requests entry of an order (a) enforcing the Sale Order against the Bureau and (b) prohibiting the Bureau from excluding the Purchaser from group coverage because of the Debtors' unpaid premiums.

---

[4] Notwithstanding the Purchaser's best efforts, the Bureau's communications with the Purchaser blur the distinction between the Purchaser and the Debtors.  For example, the Bureau has correctly addressed invoices to the Purchaser, but, for the Mason, Toledo, and Lyndhurst LLCs, it has listed the Purchaser's "coverage status" as "Debtor in Possession."  Additionally, invoices addressed to the Purchaser's Ohio LLCs reflect unpaid premiums owed by the Debtors in addition to current premiums owed by the Purchaser.  Representative invoices for each location are attached to this Motion as Exhibit B.

12282783.2                                             5

## Argument

16. By excluding the Purchaser from group coverage solely because of the unpaid premiums owed by the Debtors, the Bureau is violating the Sale Order.

### A. The Purchaser bought the assets free and clear of the Bureau's claims

17. Section 363 of the Bankruptcy Court permits a debtor to sell its assets free and clear of liens, claims and encumbrances to a good faith purchaser. 11 U.S.C. § 363(f). This provision of the Bankruptcy Code enables the estate to liquidate its assets for the benefit of creditors. *In re Nashville Senior Living, LLC*, 407 B.R. 222, 227 (6th Cir. BAP 2009). The purpose of a "free and clear" sale under Section 363 is to maximize value for creditors: "Without the 'free and clear' language, prospective buyers would be unwilling to pay a fair price for the property subject to sale; instead, the price would have to be discounted, perhaps quite substantially, to account for the liabilities that the buyer would face simply as a result of acquiring the asset." *WBQ P'ship v. Commonwealth of Va. Dept. of Med. Assistance Servs. (In re WBQ Partnership)*, 189 B.R. 97, 108 (Bankr. E.D. Va. 1995).

18. Consistent with Section 363, the Trustee sold the Debtors' assets to the Purchaser "free and clear of any and all encumbrances, claims, liens, mortgages, security interests, restrictions, prior assignments, obligations, pledges, charges and liabilities against the Debtors or the Purchased Assets." Sale Order, ¶ C. The Court expressly held that the "Purchaser shall not be liable for any claims against the Debtors or any of their predecessors or affiliates. Purchaser shall have no successor or vicarious liabilities of any kind resulting from the transaction contemplated by the Stalking Horse APA or from any action of the Debtors or their agents." *Id.* at ¶ K.

19. The Sale Order prohibits creditors, including the Bureau, from looking to the Purchaser to satisfy claims against the Debtor. *See, e.g., In re Lady H Coal Co., Inc.*, 193 B.R. 233, 247 (Bankr. S.D.W. Va. 1996) ("Since the Debtors propose to sell substantially all assets, the claims of all creditors in these cases will attach to the proceeds. Courts cannot permit creditors to accept payment of their claim in the bankruptcy case, and also attempt to collect the very same claim from a good faith purchaser of a debtor's property").

20. The Bureau had notice of the Sale, did not object to the Sale, and is bound by the Sale Order. Certificate of Service of Sale Notice filed on January 7, 2008 (Doc. No. 521); Sale Order, ¶ M.

**B.  The Bureau's exclusion of the Purchaser from group coverage violates the Sale Order.**

21. Because the Purchaser bought the Debtors' assets free and clear of claims, the Bureau cannot require the Purchaser to pay the Balance owed by the Debtors. By excluding the Purchaser from group coverage based on the Balance owed by the Debtors, the Bureau is attempting to do indirectly what it cannot do directly. The Bureau may not exclude the Purchaser from group coverage based solely on the Debtors' unpaid premiums. *See Michigan Employment Security Commission v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1149 (6th Cir. 1991).

22. In *Wolverine*, the United States Court of Appeals for the Sixth Circuit held that the Michigan agency responsible for workers' compensation violated the Bankruptcy Code by including its claim against the debtor in calculating the purchaser's "negative reserve balance." *Id.* (stating that "[w]e are not persuaded by MESC's

12282783.2                                    7

argument that by including the allowed tax liability claim in the negative reserve balance, it is simply utilizing the claim as an actuarial device for purposes of calculating the post-confirmation tax rate, and is not charging [the purchaser] for a pre-petition debt discharged in bankruptcy. To allow MESC to utilize the allowed claim in this fashion would directly conflict with provisions of the Bankruptcy Code.").[5]

23. Similarly, the Bureau violates Section 363 and the Sale Order by excluding the Purchaser from group coverage because of the Balance owed by the Debtors. The Bureau is forcing the Purchaser to either (a) pay the Balance owed by the Debtors in order to participate in group coverage or (b) incur an additional cost of approximately $24,000 or more per year. The Purchaser did not assume liability for the Balance and did not adjust the purchase price to account for the additional approximately $24,000 per year that the Bureau is trying to force upon the Purchaser. To the contrary, the Purchaser requested, obtained, and has relied on the Sale Order, which expressly found that the Purchaser bought the Debtors' assets free of claims and which expressly binds governmental agencies.

24. The Bureau is holding the Purchaser responsible for the Debtors' failure to pay premiums, ignoring the "free and clear" nature of the Sale and violating the Sale Order. *See WBQ P'ship,* 189 B.R. at 108 (holding that Virginia Department of Medicare Assistance Services could not look to purchaser of debtor's assets to recover depreciation overpayments under state Medicaid enforcement statutes); *Nashville Senior Living, LLC*, 407 B.R. at 227 (observing that "[t]he drafters of § 363 recognized

---

[5] The Purchaser understands and agrees with *Wolverine's* holding regarding the transfer of the debtor's experience rating to the purchaser. Certainly, the Debtors' history of workers' compensation claims is relevant to setting the Purchaser's rates. The Bureau's exclusion of the Purchaser's policies from the Group Rating Plan, however, has nothing to do with the Debtors' "experience."

12282783.2    8

that value of estate assets can only be achieved in an environment in which good faith purchasers can operate without undue fear of being taken hostage").

### No Prior Request

25.  No prior application for the relief requested in this Motion has been made by the Purchaser to this or any other court.

### Memorandum of Law

26.  This Motion includes citations to the applicable authorities and does not raise any novel issues of law.  Accordingly, the Purchaser requests that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(a) that a separate memorandum of law be submitted.

### Conclusion

27.  Pursuant to the language of the Sale Order, Section 363 of the Bankruptcy Code, and applicable cases, the Purchaser is not responsible for the Debtors' unpaid premiums.  The Bureau's exclusion of the Purchaser from group coverage based solely on the Balance owed by the Debtors violates the Sale Order.

WHEREFORE, the Purchaser requests that the Court enter an order (a) enforcing the Sale Order against the Bureau and (b) prohibiting the Bureau from excluding the Purchaser from group coverage because of the Debtors' unpaid premiums.

Dated: August 17, 2011

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

<u>/s/ Beth A. Silvers</u>
Timothy J. Hurley (0006458)
Beth A. Silvers (0081236)
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel.: (513) 381-2838
Fax: (513) 381-0205
hurley@taftlaw.com
silvers@taftlaw.com

*Attorneys for the Purchaser*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2010 a true copy of the foregoing was served through the Court's ECF system upon all participants at their emails registered with the Court and by regular U.S. mail, postage prepaid, upon:

Stephen Buehrer, Administrator
Ohio Bureau of Workers' Compensation
30 W. Spring Street
P.O. Box 15398
Columbus, OH  43215-0398

Ohio Bureau of Workers' Compensation
P. O. Box 15567
Columbus, OH  43215-0567

<u>     /s/ Beth A. Silvers            </u>



**Ohio | Bureau of Workers' Compensation**

30 W. Spring St,
Columbus, OH 43215-2256

Governor John R. Kasich
Administrator/CEO Stephen Buehrer

ohiobwc.com
1-800-OHIOBWC

June 24, 2011

CDG TOLEDO LLC
29500 AURORA RD STE 10
SOLON, OH 44139-1809

Policy #: 1519747-0
Group #: 04205
Rep #: 000150-80
Group: OH REGIONAL WC PROGRAM
BUCKEYE WC ALLIAN
Rep: CAREWORKS CONSULTANTS, INC

Dear CDG TOLEDO LLC:

We have reviewed your application for the group-experience-rating program for the policy year beginning July 1, 2011. Your company unfortunately does not meet the minimum requirements needed to participate in the program.

In particular, your company had outstanding premiums, administrative costs, assessments, fines or monies otherwise due to BWC. These monies were more than 45 days past due from the original billing date at the time of the application deadline.

Please call our employer programs unit at 614-466-6773 if you have questions about this decision. You may also contact your sponsoring organization or its authorized representative for assistance.

Sincerely,

Ronald L. Suttles
Supervisor
Employer Programs Unit

EXHIBIT A

**Ohio** | Bureau of Workers' Compensation

30 W. Spring St.
Columbus, OH 43215-2256

Governor John R. Kasich
Administrator/CEO Stephen Buehrer

ohiobwc.com
1-800-OHIOBWC

June 24, 2011

CDG LYNDHURST LLC
29500 AURORA RD STE 10
SOLON, OH 44139-1809

Policy #: 1519765-0
Group #: 04203
Rep #: 000150-80
Group: OH REGIONAL WC PROGRAM
BUCKEYE WC ALLIAN
Rep: CAREWORKS CONSULTANTS, INC

Dear CDG LYNDHURST LLC:

We have reviewed your application for the group-experience-rating program for the policy year beginning July 1, 2011. Your company unfortunately does not meet the minimum requirements needed to participate in the program.

In particular, your company had outstanding premiums, administrative costs, assessments, fines or monies otherwise due to BWC. These monies were more than 45 days past due from the original billing date at the time of the application deadline.

Please call our employer programs unit at 614-466-6773 if you have questions about this decision. You may also contact your sponsoring organization or its authorized representative for assistance.

Sincerely,

*Ronald L. Suttles*

Ronald L. Suttles
Supervisor
Employer Programs Unit



**Ohio** | Bureau of Workers' Compensation

30 W. Spring St.
Columbus, OH 43215-2256

Governor John R. Kasich
Administrator/CEO Stephen Buehrer

ohiobwc.com
1-800-OHIOBWC

June 24, 2011

CDG MASON LLC
29500 AURORA RD STE 10
SOLON, OH 44139-1809

Policy #: 1519773-0
Group #: 04171
Rep #: 000150-80
Group: OH REGIONAL WC PROGRAM
BUCKEYE WC ALLIAN
Rep: CAREWORKS CONSULTANTS, INC

Dear CDG MASON LLC:

We have reviewed your application for the group-experience-rating program for the policy year beginning July 1, 2011. Your company unfortunately does not meet the minimum requirements needed to participate in the program.

In particular, your company had outstanding premiums, administrative costs, assessments, fines or monies otherwise due to BWC. These monies were more than 45 days past due from the original billing date at the time of the application deadline.

Please call our employer programs unit at 614-466-6773 if you have questions about this decision. You may also contact your sponsoring organization or its authorized representative for assistance.

Sincerely,

Ronald L. Suttles
Supervisor
Employer Programs Unit

 **Bureau of Workers' Compensation**
30 W. Spring St.
Columbus, OH 43215-2256

Governor John R. Kasich
Administrator/CEO Stephen Buehrer

ohiobwc.com
1-800-OHIOBWC

June 24, 2011

CDG POLARIS LLC
29500 AURORA RD STE 10
SOLON, OH 44139-1809

Policy #: 1519783-0
Group #: 04170
Rep #: 000150-80
Group: OH REGIONAL WC PROGRAM
BUCKEYE WC ALLIAN
Rep: CAREWORKS CONSULTANTS, INC

Dear CDG POLARIS LLC:

We have reviewed your application for the group-experience-rating program for the policy year beginning July 1, 2011. Your company unfortunately does not meet the minimum requirements needed to participate in the program.

In particular, your company had outstanding premiums, administrative costs, assessments, fines or monies otherwise due to BWC. These monies were more than 45 days past due from the original billing date at the time of the application deadline.

Please call our employer programs unit at 614-466-6773 if you have questions about this decision. You may also contact your sponsoring organization or its authorized representative for assistance.

Sincerely,

*Ronald L. S—*

Ronald L. Suttles
Supervisor
Employer Programs Unit

08/08/2011 MON 12:12 FAX  ☒005/005
Case 3:06-bk-33124   Doc 704   Filed 08/17/11   Entered 08/17/11 12:27:56   Desc Main
                Document      Page 15 of 18



**Ohio | Bureau of Workers' Compensation**
30 W. Spring St.
Columbus, OH 43215-2256

Governor John R. Kasich
Administrator/CEO Stephen Buehrer
ohiobwc.com
1-800-OHIOBWC

June 24, 2011

CDG DT COLUMBUS LLC
29500 AURORA RD STE 10
SOLON, OH 44139-1809

Policy #: 1519779-0
Group #: 04199
Rep #: 000150-80
Group: OH REGIONAL WC PROGRAM BUCKEYE WC ALLIAN
Rep: CAREWORKS CONSULTANTS, INC

Dear CDG DT COLUMBUS LLC:

We have reviewed your application for the group-experience-rating program for the policy year beginning July 1, 2011. Your company unfortunately does not meet the minimum requirements needed to participate in the program.

In particular, your company had outstanding premiums, administrative costs, assessments, fines or monies otherwise due to BWC. These monies were more than 45 days past due from the original billing date at the time of the application deadline.

Please call our employer programs unit at 614-466-6773 if you have questions about this decision. You may also contact your sponsoring organization or its authorized representative for assistance.

Sincerely,

*Ronald L. Suttles*

Ronald L. Suttles
Supervisor
Employer Programs Unit

# Invoice/Statement

**Ohio | Bureau of Workers' Compensation**

Online payment is quick and convenient. Log on to ohiobwc.com, and click on Ohio Employers, then Quick Pay to pay your balance using a credit card or electronic funds transfer. Notify BWC of policy updates via ohiobwc.com by clicking on Ohio Employers, then Demographic Information or by completing the appropriate policy update Notification of Policy Update (U-117) or Notification of Business Acquisition/Merger/Purchase/Sale (U-118). You can also call 1-800-OHIOBWC for employer information. Please note BWC processes invoices automatically. Therefore, BWC will not address any questions or updates you make on your invoice.

CDG MASON LLC
CLADDAGH IRISH PUBS MASON
29500 AURORA RD STE 10
SOLON OH 44139-1809

BWC may turn over balances not paid by the invoice due date to the Office of the Attorney General of Ohio for collection. Please read the back of this invoice for additional information.

Para asistencia en Espanol, llame a 1-800-644-6292 opcion 9.

### Policy information

| | | | |
|---|---|---|---|
| Policy number: 1519773 | Invoice number: 119668943 | Invoice date: 12/02/2010 |
| Federal ID number: 26-1925700 | Current rating plan: Experience Group | Due date: 12/30/2010 |
| Coverage status: DEBTOR IN POSSESSION | | |

### Billing summary

| | | Breakdown | Total |
|---|---|---|---|
| Outstanding Balance: | BWC | $2,147.99 | |
| | Attorney General | $4,095.07 | $6,243.06 |
| Current Activity - Detail Attached | | | |
| | Payment/Refund Transactions | $2,147.99 cr | $2,147.99 cr |
| Ending Balance: | BWC | $0.00 | |
| | Attorney General | $4,095.07 | $4,095.07 |

Attorney General (AG) balances do not include accrued interest or collection fees, call the AG (614)466-0845 for information. AG balances are due immediately, the invoice due date applies to BWC balances only.

Please see reverse side for Notes, Definitions and Glossary of Terms.

Please detach and return with your check payable to the Ohio Bureau of Workers' Compensation. Do not staple your check to the invoice.
Please write your policy number on your check.

| Policy number | Invoice number | Due date | Total balance due | Amount remitted |
|---|---|---|---|---|
| 1519773 | 119668943 | 12/30/2010 | $4,095.07 | $ |

Mail to:
BWC State Insurance Fund
Corporate Processing Dept.
Columbus, OH 43271-0977

0151977300000011966894300400000000004095 07

EXHIBIT B

## Invoice/Statement


**Ohio** | **Bureau of Workers' Compensation**

Online payment is quick and convenient. Log on to ohiobwc.com, and click on Ohio Employers, then Quick Pay to pay your balance using a credit card or electronic funds transfer. Notify BWC of policy updates via ohiobwc.com by clicking on Ohio Employers, then Demographic Information or by completing the appropriate policy update Notification of Policy Update (U-117) or Notification of Business Acquisition/Merger/Purchase/Sale (U-118). You can also call **1-800-OHIOBWC** for employer information. Please note BWC processes invoices automatically. Therefore, BWC will not address any questions or updates you make on your invoice.

BWC may turn over balances not paid by the invoice due date to the Office of the Attorney General of Ohio for collection. Please read the back of this invoice for additional information.

CDG TOLEDO LLC
CLADDAGH IRISH PUBS
29500 AURORA RD STE 10
SOLON OH 44139-1809

Para asistencia en Espanol, llame a 1-800-644-6292 opcion 9.

### Policy information

| | | | | | |
|---|---|---|---|---|---|
| Policy number: | 1519747 | Invoice number: | 119634505 | Invoice date: | 12/02/2010 |
| Federal ID number: | 26-2357394 | Current rating plan: | Experience Group | Due date: | 12/30/2010 |
| Coverage status: | DEBTOR IN POSSESSION | | | | |

### Billing summary

| | | Breakdown | Total |
|---|---|---|---|
| Outstanding Balance: | BWC | $4,600.92 | |
| | Attorney General | $25,733.45 | $30,334.37 |
| Current Activity - Detail Attached | | | |
| | Payment/Refund Transactions | $4,600.92 cr | $4,600.92 cr |
| Ending Balance: | BWC | $0.00 | |
| | Attorney General | $25,733.45 | $25,733.45 |

Attorney General (AG) balances do not include accrued interest or collection fees, call the AG (614)466-0845 for information. AG balances are due immediately, the invoice due date applies to BWC balances only.

Please see reverse side for Notes, Definitions and Glossary of Terms.

Please detach and return with your check payable to the Ohio Bureau of Workers' Compensation. Do not staple your check to the invoice.
Please write your policy number on your check.

| Policy number | Invoice number | Due date | Total balance due | Amount remitted |
|---|---|---|---|---|
| 1519747 | 119634505 | 12/30/2010 | $25,733.45 | $ |

Mail to:
BWC State Insurance Fund
Corporate Processing Dept.
Columbus, OH 43271-0977

0151974700000011963450520100000000002573345

# Invoice/Statement

**Ohio | Bureau of Workers' Compensation**

Online payment is quick and convenient. Log on to ohiobwc.com, and click on Ohio Employers, then Quick Pay to pay your balance using a credit card or electronic funds transfer. Notify BWC of policy updates via ohiobwc.com by clicking on Ohio Employers, then Demographic Information or by completing the appropriate policy update Notification of Policy Update (U-117) or Notification of Business Acquisition/Merger/Purchase/Sale (U-118). You can also call **1-800-OHIOBWC** for employer information. Please note BWC processes invoices automatically. Therefore, BWC will not address any questions or updates you make on your invoice.

CDG LYNDHURST LLC
CLADDAGH IRISH PUBS LYNDHURST
29500 AURORA RD STE 10
SOLON OH 44139-1809

BWC may turn over balances not paid by the invoice due date to the Office of the Attorney General of Ohio for collection. Please read the back of this invoice for additional information.

Para asistencia en Espanol, llame a 1-800-644-6292 opcion 9.

## Policy information

| Policy number: | 1519765 | Invoice number: | 119634510 | Invoice date: | 12/02/2010 |
| Federal ID number: | 26-1925603 | Current rating plan: | Experience Group | Due date: | 12/30/2010 |
| Coverage status: | DEBTOR IN POSSESSION | | | | |

## Billing summary

| | | Breakdown | Total |
|---|---|---|---|
| Outstanding Balance: | BWC | $3,447.60 | |
| | Attorney General | $29,641.85 | $33,089.45 |
| Current Activity - Detail Attached | | | |
| | Payment/Refund Transactions | $3,447.60 cr | $3,447.60 cr |
| Ending Balance: | BWC | $0.00 | |
| | Attorney General | $29,641.85 | $29,641.85 |

Attorney General (AG) balances do not include accrued interest or collection fees, call the AG (614)466-0845 for information. AG balances are due immediately, the invoice due date applies to BWC balances only.

Please see reverse side for Notes, Definitions and Glossary of Terms.

Please detach and return with your check payable to the Ohio Bureau of Workers' Compensation. Do not staple your check to the invoice.
Please write your policy number on your check.

| Policy number | Invoice number | Due date | Total balance due | Amount remitted |
|---|---|---|---|---|
| 1519765 | 119634510 | 12/30/2010 | $29,641.85 | $ |

Mail to:
BWC State Insurance Fund
Corporate Processing Dept.
Columbus, OH 43271-0977

0151976500000011963451090200000000029641485